458 So.2d 714 (1984)
Sylvia A.B. DETHLEFS and Opal Brandenburg
v.
BEAU MAISON DEVELOPMENT CORPORATION.
No. 55080.
Supreme Court of Mississippi.
October 3, 1984.
*715 Sylvia A.B. Dethlefs, Opal Brandenburg, pro se.
No briefs for appellee.
Before WALKER, P.J., and ROBERTSON and SULLIVAN, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Harrison County wherein the motion of appellee, Beau Maison Development Corporation, for summary judgment was granted.
In December of 1982, the appellants, Sylvia Dethlefs and Opal Brandenburg, filed their declaration seeking $200,000.00 actual damages and $600,000.00 punitive damages resulting from damage to their drainage easement and property located in the City of Long Beach, Mississippi. Appellee's property lies directly east of and adjoins the appellants' property.[1] The petition alleged the appellee, after notice from appellants of the existence of an underground drainage easement consisting of underground pipes which served to drain appellants' pond fed by a natural artesian well, proceeded to begin construction of a condominium complex which destroyed the effectiveness of the easement causing appellants' property to flood rendering it unusable and worthless.
By way of answer, the appellee denied the existence of the drainage easement and filed a motion for summary judgment pursuant to Rule 56 of the Mississippi Rules of Civil Procedure.
Affidavits filed in support of said motion alleged:
(1) No easement of any type or nature exists in the chain of title to appellee's property;
(2) No drainage ditch or pipe could be found on appellee's property after inspection; however, on the property to the west of appellants' land, there exists a concrete drain approximately 18 to 24 inches in diameter coming from the direction of their property to the west;
(3) The prior owners of appellee's land from December 1972 to October 1982 have no knowledge of any easement or underground pipes, and the natural drainage of appellants' property flows to the west.
Affidavits in support of appellants' motion to deny appellee's request for summary judgment alleged:
(1) The appellee was contacted by one of the appellants in an attempt to locate and verify the easement but she was unsuccessful in arranging a meeting.
(2) The pipe has been traced to a city drainage ditch on the west side of White Harbor Road;
(3) A concrete drain referred to by appellee does not connect appellants' property but is several hundred feet to the west of appellants' property;
(4) Robert Wells, former employee for 19 years of a nursery which had existed on appellants' property, had personal knowledge of the existence of the underground pipe system and also of three large catch-basin covers which were on appellee's property;
(5) The prior owner of appellants' property asserted the underground pipes did exist before she purchased the property in 1946;
*716 (6) The prior owner as well as Mr. Wells and an owner of nearby property asserted appellants' property did not flood prior to the construction done by Beau Maison;
(7) Russell Gould, an owner of property near the land in question, had personal knowledge of the drainage pipes existing prior to 1947; and
(8) Appellants produced various deeds transferring the property later acquired by Beau Maison in which said land was conveyed subject to any and all easements as well as the most recent deed which states: "This conveyance subject to all other restrictions, easements and reservations of record."
Following a hearing on appellants' motion February 23, 1983, Judge Vlahos granted the motion for summary judgment and dismissed with prejudice as to the appellants. The record does not show any opinion which was rendered but merely Judge Vlahos' order of dismissal.
The order of dismissal was granted pursuant to Rule 56 of the Mississippi Rules of Civil Procedure which states in part:
The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages.
... .
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
With the passage of the Mississippi Rules of Civil Procedure, effective January 1, 1982, Rule 56 was entered to expedite the determination of actions on their merits and to eliminate unmeritorious claims or defenses without the necessity of a full trial. However, a motion for summary judgment lies only when there is no genuine issue of material fact and is not a substitute for the trial of disputed fact issues. It is not to be used as a means of depriving a litigant of a full trial on genuine fact issues.
From the record and facts before us, it is evident the appellee failed to demonstrate the absence of a material issue of fact, i.e., the existence of a drainage easement and any resulting damage caused by them to said easement. The facts were not only conflicting but inconclusive as to the issues presented in appellants' declaration. In essence the trial court tried the case itself without benefit of a jury.
In ruling upon a motion for summary judgment, the lower court judge is to determine whether there are issues which need to be tried based upon the pleadings and any affidavits or other forms of evidence presented. It is not a function of the lower court once a triable issue exists to resolve that issue as was done in this case.
Furthermore, notification of appeal was forwarded to appellee's attorney of record on April 11, 1983. Summons to appear in this Court was served upon said attorney in *717 December 1983. No brief has been received by this Court from the appellee. Failure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error. State v. Maples, 402 So.2d 350 (Miss. 1981). Where the appellant's brief makes out an apparent case of error as in this matter, we do not regard it as our obligation to look to the record to find a way to avoid the force of the appellants' argument. Westinghouse Credit Corporation v. Deposit Guaranty National Bank, 304 So.2d 636 (Miss. 1974).
Finding that there was a genuine issue of material fact, we hold that the lower court was in error in granting appellee's motion for summary judgment and that this cause should be reversed and remanded for trial.
REVERSED AND REMANDED.
ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.

*718 APPENDIX A

NOTES
[1] See Appendix "A".