DAN M. LEE, Presiding Justice,
specially concurring:
In the present case this Court was called upon to determine the amount of fee that may be awarded to a court-appointed ap *615 praiser in an eminent domain action pursuant to § 11-27-89, Miss. Code Ann. (1972). The Special Court of Eminent Domain of Rankin County awarded such a court-appointed appraiser a fee of $1,800 for appraising certain sixteen-section land. In reversing the holding of the lower court, this Court, construing § 11-27-89, Miss. Code Ann. (1972), found that the Legislature intended for the unit rule to be applied in determining compensation in eminent domain cases. Applying the unit value method of determining compensation, this Court found there to be only one appraisal of this particular property. Consequently, the majority holds that the lower court was in error in awarding an amount in excess of $300 to the court-appointed appraiser.
Although I agree with the majority’s decision to reverse, I reach this decision on a completely different issue. By letter, dated September 2, 1987, the Honorable Fred M. Harrell, Jr., attorney for the Rankin County School District, advised this Court that the Rankin County School District “does not contest the issue raised in Appellant’s brief.” In furtherance of this position, Mr. Harrell also informed this Court that an appellee’s brief would not be filed on behalf of the Rankin County School District.
Considering the actions of the Rankin County School District, I would like to point to this Court’s reasoning in Dethlefs v. Beau Maison Development Corp., 458 So.2d 714 (Miss.1984). In Dethlefs this Court writes:
No brief has been received by this Court from the appellee. Failure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence after considering the record and brief of appealing party, that there was no error.
Id. at 717. See also Gordon By Lewis v. Wheat, 465 So.2d 1087 (Miss.1985).
Applying the holding Dethlefs to the facts at hand, I strongly suggest that the appellee herein has made “a confession of error.” Based on this reasoning, rather than the position taken by the majority, I would reverse on the Dethlefs rationale alone.
ROBERTSON and ANDERSON, JJ„ join this specially concurring opinion.