755 So.2d 1259 (2000)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellant,
v.
Evelyn D. JONES, Appellee.
No. 1999-CC-00684-COA.
Court of Appeals of Mississippi.
February 8, 2000.
*1260 Albert B. White, Madison, Attorney for Appellant.
*1261 John C. Jopling, University, Jeremy David Eisler, Biloxi, Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., DIAZ, AND PAYNE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. The Mississippi Employment Security Commission denied benefits to Evelyn Jones, finding that she was discharged due to misconduct. The Harrison County Circuit Court disagreed and reversed. We agree with the circuit court and affirm its decision.

FACTS
¶ 2. Evelyn Jones was employed by the Flying J Truck Stop in Gulfport. She had been a cashier for twenty-one months prior to her termination on February 4, 1998. Her discharge occurred after three separate incidents of having insufficient funds in her cash register.
¶ 3. The first written warning to Jones occurred on December 9, 1997. On that date the amount in her cash register was ten dollars less than it should have been, apparently as a result of Jones's failure to charge for two showers. Jones testified that the general manager had told her to give the customer a free shower. The showers were entered into the register, but Jones was unable to attach a free shower coupon to the sale.
¶ 4. In early January 1998, the manager of the Flying J met with all employees and informed them that any cash register variances, whether a positive or negative variance, would result in the employee being given a written warning. Three such warnings in any thirty day period would result in termination in accordance with the company's written policy.
¶ 5. Jones's second warning was on January 12, 1998, when her cash register had an excess of $31.85. The overage apparently resulted from Jones failing to enter a gasoline sale after accepting money from the customer. Jones was issued another written warning on January 28, 1998. At this time Jones's register was short $11.67. This shortage may have occurred because Jones did not enter two weight scale tickets for six dollars each. Jones argued that the scale tickets were for Gorman company trucks that were not to be rung up because of an agreement between Flying J and Gorman. Jones was terminated on February 4, 1998 for violation of company policy.
¶ 6. Jones filed for unemployment benefits on February 6, 1998. Jones was denied benefits by the claims examiner on February 18, 1998. The examiner found that Jones was fired for misconduct. Both the appeals referee and the Board of Review affirmed. Jones next appealed to the Harrison County Circuit Court. The court reversed and awarded Jones unemployment benefits on March 17, 1999. The Commission appealed to the supreme court, which deflected the case here.

DISCUSSION
¶ 7. The Commission asserts several errors that may fairly be condensed into one broad argument that the circuit court erred in reversing the Commission's denial of unemployment benefits. We turn the issue slightly, because we are not reviewing the propriety of the circuit court's decision per se. Instead we, as did the circuit court, must determine whether the Commission's factual findings were supported by substantial evidence and whether the acts that Jones was found to have committed legally constitute misconduct as defined for unemployment compensation purposes. Halbert v. City of Columbus, 722 So.2d 522, 524 (Miss.1998).
¶ 8. An individual may be disqualified for unemployment benefits if the *1262 employee was discharged for "misconduct connected with his work." Miss.Code Ann. § 71-5-513(A)(1)(b) (Supp.1999). The employer has the burden of showing by substantial, clear, and convincing evidence that the employee's conduct warranted disqualification from benefits. City of Clarksdale v. Mississippi Employment Sec. Comm'n, 699 So.2d 578, 580 (Miss. 1997). Generally, when supported by substantial evidence the factual findings of the Board of Review are conclusive. Miss. Code Ann. § 71-5-531 (Supp.1999). The legal conclusions are not.
¶ 9. The claims examiner found that Jones was terminated for excessive cash register variances. The claims examiner also determined that Jones's actions constituted misconduct because she had violated a rule of the employer, that Jones knew of this rule, that the rule was lawful and reasonably related to the work environment and that the rule was fairly and consistently enforced. The claims examiner's findings were affirmed by the appeals referee and the full Board of Review.
¶ 10. There are two matters implicit in the agency decision. First is that the employee was actually discharged for violation of an established policy, fairly enforced. We are not certain that there were in fact three errors by Jones within thirty days, but that ultimately is inconsequential. The more serious difficulty with the denial of benefits is in reaching the legal conclusion of "misconduct." For such a finding, fair-minded external observers such as judges would need to consider the employee's actions a wanton disregard of the employer's legitimate interests. Something more than mere negligence is required, although repeated neglect of an employer's interest may be misconduct. Mississippi Employment Sec. Comm'n v. Borden, Inc., 451 So.2d 222, 225 (Miss.1984). "Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered `misconduct' within the meaning of the statute." Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982).
¶ 11. What the record supports is a finding of ordinary negligence and inadvertence. The employer has the right to focus the attention of employees to their responsibilities, even to having the threat of termination hanging over them for negligence. Violations of such employer rules, though, do not by themselves translate into wanton disregard of an employer's best interests. The right to terminate does not answer whether benefits may be denied.
¶ 12. There was no evidence and certainly no finding relied upon by the agency that Jones was herself pocketing the missing funds. Indeed, one of the three incidents involved an overage in the register. In fact, the employer representative confirmed Jones's explanations of what could have caused the variances. Certainly there was evidence that Jones understood the three-strikes rule yet still violated it. That is not enough to deny unemployment compensation.
¶ 13. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.