## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-CC-00613-SCT

*MISSISSIPPI EMPLOYMENT SECURITY COMMISSION*

*v.*

*KIM POWELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/21/2000 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALBERT B. WHITE |
| ATTORNEY FOR APPELLEE: | PRO SE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 06/21/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/12/2001 |

### BEFORE PITTMAN, C.J., MILLS AND COBB, JJ.

### COBB, JUSTICE, FOR THE COURT:

¶1. Kim Powell (Powell) filed for unemployment benefits but her claim was disqualified by the Mississippi Employment Security Commission (MESC) claims examiner who concluded that Powell violated the absenteeism policy of her employer, Tyson Foods (Tyson). Powell appealed the decision, and a hearing was conducted by an MESC appeals referee on December 17, 1998. Both Powell and a representative of Tyson testified. The referee concluded that Powell had violated the absenteeism policy after having been given warnings and that her conduct constituted disqualifying misconduct. Powell appealed to the MESC Board of Review, which adopted the Referee's Fact Findings and Opinion and affirmed the decision on January 21, 1999.

¶2. On April 15, 1999, Powell appealed to the Copiah County Circuit Court, and her appeal was dismissed as untimely. On June 18, 1999 she filed a motion to reopen the case. The circuit court granted her motion on November 10, 1999, setting aside its dismissal and scheduling a hearing on the merits. Upon learning that the court file contained no records or transcript from the MESC, the circuit court remanded the case to the MESC to properly prepare the record. The MESC actually conducted another hearing and forwarded the transcript of that second hearing and other documents to the circuit court. The circuit court concluded Powell had not actually violated the absenteeism policy and reversed the Board of Review.

¶3. Aggrieved by the court's decision, the MESC appealed to this Court raising three issues:

> **I. WHETHER THE CIRCUIT COURT ERRED BY ENTERING ITS NOVEMBER 10, 1999 ORDER SETTING ASIDE ITS PREVIOUS ORDER DISMISSING POWELL'S APPEAL AS UNTIMELY FILED, AND BY SCHEDULING THIS MATTER FOR A HEARING ON JANUARY 21, 2000?**

**II. WHETHER THE CIRCUIT COURT ERRED BY DECIDING TO CONSIDER THIS CASE ON ITS MERITS WHEN IT WAS UNTIMELY APPEALED FROM THE BOARD OF REVIEW TO THE CIRCUIT COURT PURSUANT TO MISSISSIPPI CODE ANNOTATED SECTIONS 71-5-529 AND 71-5-531 (REV. 1995)?**

**III. WHETHER POWELL FAILED TO PROVE GOOD CAUSE FOR UNTIMELY FILING HER APPEAL FROM THE BOARD OF REVIEW TO THE CIRCUIT COURT?**

¶4. Finding that the circuit court erred in reinstating Powell's untimely appeal, we reverse and render.

### FACTS

¶5. Kim Powell was employed by Tyson as an assembly line worker from October 20, 1997, until her discharge on November 10, 1998. She was discharged for violating Tyson's absenteeism policy, which allowed nine days unexcused absences, and provided for an immediate discharge after nine and one-half days unexcused absences. Tyson calculated that Powell had missed ten and one-half days, and she was discharged.

¶6. The record reveals Powell was aware of the policy. She had received a copy of the policy and had been specifically advised of it on September 28, 1998, when she was admonished that any further unexcused absences might result in her discharge. Powell had another unexcused absence on November 2, 1998, and was terminated on November 10, 1998.

¶7. Powell filed for unemployment benefits and was disqualified by the claims examiner, who found that she had violated Tyson's absenteeism policy. Powell appealed, and the MESC appeals referee found that Powell was properly informed of the policy. He also found that she had exceeded the number of allowed absences despite the two warnings she had been given earlier that year and ruled Powell's violation of the absenteeism policy disqualified her from receiving unemployment benefits. The Board of Review affirmed the Referee's Fact Findings and Opinion.

¶8. Notice of the Board's decision was mailed to Powell on January 22, 1999. Under Miss. Code Ann. §§ 71-5-529 &-531 (2000), she had twenty days from the day the notice was mailed in which to file her appeal in circuit court. Powell did not actually file her appeal[1] until April 15, 1999, two months past the deadline. MESC filed a motion to dismiss Powell's appeal as untimely, and the circuit court granted the motion on April 20, 1999.

¶9. Powell subsequently filed a pro se motion to reopen, which the circuit court granted. Her motion consisted of one sentence, which basically said that she did not know she had to file in the circuit court because she had "never file [d] for unemployment before...."

¶10. The circuit court scheduled a hearing on the merits but, upon discovering that the record did not contain a transcript of the hearing before the referee, the circuit judge remanded the case to the referee. The circuit court instructed MESC to properly prepare the record for review by the circuit court, and that "in the event the tapes of the December 17, 1998, hearing are unavailable, the [c]ourt instructs the MESC to conduct another Hearing in this matter, and forward the transcript thereof to the [c]ourt forthwith." Apparently no transcript nor tapes were available, so a new hearing was held. Again, a Tyson manager and Powell both testified and produced documents. The circuit court, based on the record of the new hearing, found that Powell had only eight unexcused absences, and it reversed the Board of Review. MESC

appealed the circuit court's decision.

## STANDARD OF REVIEW

¶11. Judicial review of a Board of Review's ruling is limited. *City of Tupelo v. Mississippi Employment Sec. Comm'n*, 748 So. 2d 151, 155 (Miss. 1999); *Booth v. Mississippi Employment Sec. Comm'n*, 588 So. 2d 422, 424 (Miss. 1991); *Piggly Wiggly v. Mississippi Employment Sec. Comm'n*, 465 So. 2d 1062, 1064-65 (Miss. 1985). This Court has noted that the nature of this review is governed by statute:

> Judicial review of an Employment Security Commission ruling is limited to determination of whether there is substantial evidence supported by substantial evidence. This Court must review the record to determine whether there is substantial evidence to support the Board of Review's findings of fact... Further, with supporting evidence and in the absence of fraud, the factual findings of the Board of Review are conclusive and our review is limited to questions of law. Miss. Code Ann. § 71-5-531 (1995).

*City of Tupelo*, 748 So. 2d at 156 (quoting *Halbert v. City of Columbus*, 722 So. 2d 522, 524 (Miss. 1998)).

## DISCUSSION

¶12. MESC's three issues are all related to the propriety of the circuit court's decision to reopen the time for Powell to file her appeal and are combined for purposes of discussion.

¶13. Powell did not file an appellee's brief on appeal to this Court. "Failure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error." *Dethlefs v. Beau Maison Dev. Corp.*, 458 So. 2d 714, 717 (Miss. 1984) (citing *State v. Maples*, 402 So. 2d 350 (Miss. 1981)). "Where the appellant's brief makes out an apparent case of error . . . we do not regard it as our obligation to look to the record to find a way to avoid the force of the appellants' argument." *Dethlefs*, 458 So.2d at 717 (citing *Westinghouse Credit Corp. v. Deposit Guar. Nat'l Bank*, 304 So. 2d 636 (Miss. 1974)).

¶14. The Board's decision affirming the Referee's denial of benefits was mailed to Powell on January 22, 1999. The notice of the Board's decision states in pertinent part the following:

> This decision will become final ten (10) days after the date entered below. You may petition the Circuit Court for a review of this decision within ten (10) days after it becomes final (that is, within twenty (20) days after the date entered below.) An appeal to the Circuit Court should be filed with the Circuit Clerk's office in the county in which you reside . . . .

MESC argues that Powell had sufficient notice of the time requirement and that the circuit court exceeded its authority when it set aside its order dismissing Powell's appeal as untimely filed and ordered that a new hearing be held by MESC. We agree.

¶15. An appeal of a decision by the MESC Board of Review regarding unemployment benefits is governed by Miss. Code Ann. § § 71-5-529 &-531 (2000). "Any decision of the board of review, in the absence of an appeal therefrom as herein provided, shall become final ten (10) days after the date of notification or

mailing thereof . . . ." *Id* § 71-5-529. Powell did not file her appeal until over two months after the statutory deadline. She offered no showing of good cause, claiming only that she did not know she had to file. MESC argues that the circuit court properly dismissed Powell's appeal as untimely filed and was statutorily prohibited from setting aside the dismissal. While there are no cases specifically addressing the deadlines set forth in Sections 71-5-529 and- 531, this Court dealt with a similar statutory deadline in ***Wilkerson v. Mississippi Employment Sec. Comm'n***, 630 So. 2d 1000 (Miss. 1994). This Court applied Miss. Code Ann. § 71-5-517 (1995) and held that an appeal filed one day late was untimely and stated the specified time period "must be strictly construed." ***Wilkerson***, 630 So. 2d at 1002. This Court held that the statutory time limit for appeal cannot be extended absent some event, not caused by a party, affecting that party's substantial rights. ***Id.*** This Court also strictly construed the statutory deadline in ***[City of Tupelo v. Mississippi Employment Sec. Comm'n](#)***, 748 So. 2d 151 (Miss. 1999). The City of Tupelo missed the deadline to appeal a decision by two days, claiming its failure to meet the deadline was the result of improper notice. ***Id.*** at 152. The Board of Review rejected the City's claim that the notice had been mailed to the wrong address and that decision was affirmed by both the Circuit Court of Lee County and this Court. ***Id.***

¶16. MESC also contends that the circuit court erred in reviewing its earlier decision based on unspecified "unforeseen circumstances." Upon review, this Court cannot ascertain which portion of the statement in Powell's motion to reopen was regarded by the circuit court as sufficient basis for its reversal. The thrust of the motion was that Powell was unaware she needed to appeal the decision to the circuit court. The record does not indicate what the "unforeseen circumstances" might have been and why they might justify such an untimely filing. However, the record clearly demonstrates that the letter Powell received was specific as to the requirements of her appeal and was sufficient to put her on notice.

## CONCLUSION

¶17. The circuit court exceeded its authority in reopening Powell's appeal after earlier dismissing the appeal as untimely. The circuit court's decision was inconsistent with both the relevant statutory and case law. Therefore, we reverse both the Copiah County Circuit Court's order reopening this case and its judgment on the merits, and we render judgment here reinstating the circuit court's order dismissing Powell's appeal as untimely.

¶18. **REVERSED AND RENDERED.**

> **PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, WALLER, DIAZ AND EASLEY, JJ., CONCUR. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

1. Powell's appeal consisted simply of her filing a copy of the MESC decision letter by which she had been notified that her claim had been denied. This letter was not accompanied by any other documents.