795 So.2d 611 (2001)
BL DEVELOPMENT CORPORATION d/b/a Grand Casino and Grand Casino of Robinsonville, Appellants
v.
William T. BRANTLEY, Appellee.
No. 2000-CC-00854-COA.
Court of Appeals of Mississippi.
September 25, 2001.
*612 William O. Luckett Jr., Jonathan Masters, Clarksdale, for Appellants.
Before KING, P.J., BRIDGES, and IRVING, JJ.
KING, P.J., for the Court:
¶ 1. William T. Brantley filed an initial claim for unemployment benefits under the Mississippi Employment Security Law on November 12, 1998. The claims examiner ruled that Brantley was not qualified to receive benefits because he was discharged for misconduct, i.e., walking off the job without authorization. The appeals referee upheld the decision of the claims examiner disqualifying Brantley on the basis of misconduct. The Board of Review affirmed the referee's decision and adopted the referee's findings of fact and opinions. The Circuit Court of DeSoto County reversed the Board of Review and remanded the case to the Mississippi Employment Security Commission (MESC) for determination of the amount of benefits due to Brantley. The employer, BL Development Corporation d/b/a Grand Casino and Grand Casino of Robinsonville ("Grand"), perfected this appeal of that decision and has assigned the reversal of the Board's decision as error on the ground that the Board's decision was supported by substantial evidence. Brantley did not file an appeal brief. Finding error, this Court *613 reverses the decision of the circuit court and reinstates the decision of the Board of Review.

FACTS
¶ 2. The following recitation contains the facts as found by the appeals referee. William Brantley was employed as a security guard with Grand Casino at Tunica, Mississippi from March 7, 1997 through November 2, 1998. He was discharged for walking off the job during a scheduled shift. At the time, Brantley had just returned from a leave of absence due to illness. He had been allowed to return to work by his physician as long as he did not work more than three days per week. When Brantley reported that he was ready to return to work, he was put on the schedule to work Friday, Saturday and Sunday. He worked Friday and Saturday, came to work Sunday, signed in, then left prior to working his shift. Brantley spoke with the assistant shift manager before leaving the job and was informed that if he left the work site it would be held against him. It was made perfectly clear to Brantley that there would be serious consequences if he left. Brantley chose to leave anyway. He claimed that he did not work that day because he was not feeling well. He did not seek the services of a doctor.
¶ 3. The facts, as determined by the circuit court, are to the contrary. It found that Brantley left work because of illness and was guilty of no other violations. It further concluded that while an employer must be able to enact policies concerning excessive absenteeism, "an employee should not be punished for becoming sick while at work and even jeopardize his life to salvage his employment benefits." The court then held that "[a]lthough leaving work might be justification for disciplinary measures, this court does not find that in this situation Brantley's conduct meets the definition of misconduct as provided by law. The court is highly suspect of Grand's dismissal two days after Brantley returned from employment related disability."

STANDARD OF REVIEW
¶ 4. The appellate standard for reviewing the findings and decisions of an administrative agency such as the MESC is found in Miss.Code Ann. § 71-5-531 (Rev. 2000). It provides that in any judicial proceedings under this section, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. Miss.Code Ann. § 71-5-531 (Rev.2000).

ANALYSIS

Was the Board of Review's decision supported by substantial evidence that Brantley was disqualified from receiving benefits?
¶ 5. As stated previously, Brantley did not file an appeal brief in this matter. In Joseph v. Mississippi Employment Security Commission, 771 So.2d 410, 412 (Miss.Ct.App.2000), this Court said that it has no obligation to look to the record to form an opinion against the appellant where the appellee has filed no brief outlining his opposing position. Rather, the failure of the appellee to file a brief may be tantamount to confession of error and will be accepted as such unless this Court can say with confidence, after considering the record and brief of appealing party, that there was no error. Id. While this Court cannot say with confidence, after considering the record and brief of appealing party, that there was no error, we shall, nevertheless, address the merits of Brantley's claim.
*614 ¶ 6. Under Mississippi's unemployment compensation law, a person is disqualified from receiving benefits if he is discharged from employment for misconduct connected with his work. Miss.Code Ann. § 71-5-513(A)(1)(b) (Rev.2000). The burden of proving misconduct by substantial, clear and convincing evidence rests with the employer. Sprouse v. Mississippi Employment Sec. Comm'n, 639 So.2d 901, 903 (Miss.1994).
¶ 7. A close examination of the record reveals that two witnesses, both of whom were in supervisory positions, testified at the hearing before the appeals referee that Brantley was warned that if he left work there would be consequences. Each of these witnesses denied that Brantley ever said anything about being ill or not feeling well and each testified that Brantley simply left the job without explanation after arguing about what duties he would be performing that day.
¶ 8. Brantley was the only person to testify in his behalf. He denied having even seen one of the witness supervisors on the day in question and claimed that the other supervisor advised him that if he was not feeling well that he could go home. When he was asked why the other witnesses would testify falsely he answered that he had "no idea." After hearing the testimony of all of the witnesses the appeals referee found the facts as related by Grand's witnesses to be more credible and denied Brantley's application for benefits. Under the circumstances, and in keeping with our standard of appellate review, we find that the referee's decision was supported by the evidence and was not accompanied by any elements of fraud, therefore, that decision was conclusive as to the findings of fact.
¶ 9. We are convinced that the lower court committed an abuse of discretion by making its own findings of fact and reweighing the credibility of witnesses. A reviewing court may not re-weigh facts or further assess credibility absent less than substantial evidence or fraud on the part of the MESC. The Trading Post, Inc. v. Nunnery, 731 So.2d 1198, 1200 (Miss. 1999).
¶ 10. Having determined that the findings of fact by the MESC are supported by substantial evidence and are unaccompanied by fraud, we hold that the lower court exceeded its authority and that decision is reversed and the MESC's decision is reinstated.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS REVERSED AND THE DECISION OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION DENYING BENEFITS IS REINSTATED.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.