KING, P.J.,
for the Court.
¶ 1. Darnell Williams, acting pro se, has appealed the Madison County Circuit Court’s reversal of the Mississippi Employment Security Commission’s grant of unemployment compensation benefits.
¶2. Williams alleges that the Madison County Circuit Court’s reversal of unemployment compensation benefits was arbitrary and capricious and an abuse of discretion.
¶ 3. Finding error in this decision, we reverse and remand.
FACTS
¶ 4. Darnell Williams had been employed by Penn’s Fish House for five years as a cook. On May 13, 2002, Shirley Robbins, the restaurant manager, called Williams and told her not to come to work that day or the next day. No reason was given to Williams for this directive.
¶ 5. After speaking with Robbins, Williams called the owner and requested a reason for these actions. The owner told Williams that he would check on the matter and inform her when she could return to work. The owner never called Williams to tell her when to report to work and Williams never returned to work at Penn’s Fish House.
¶ 6. Williams then filed for unemployment compensation benefits, which were granted by the Mississippi Employment Security Commission. The grant of benefits was reversed by the Madison County Circuit Court.
¶ 7. Aggrieved by the circuit court’s decision, Williams appealed, filed a three paragraph letter brief, in which she succinctly sets forth her issue and arguments as follows:
Attention Board of Review:
I am appealing the decision denying me of my unemployment benefit, because I have provided you with hard evidence confirming that I was termination. Also, it was stated that the review is basis on the overall testimony of both parties. In the Finding of Fact statement of the decision Appeals Referee document states that I contacted my employer, the owner, Mr. Penn when I was informed by the manager, Shirley Robbins not to come to work without any reasoning.
I have been employed with Penn’s Fish House for over five years and I have always reported on schedule or informed them if, I couldn’t report on schedule. So, my employer should be obligated to inform me, after I had contacted him twice as to when I was to report back to work. I feel that it is not fair, when I made two attempts to find out what was going on with my job. I was willing and ready to work. I was terminated, I did not quite, I went through the channels and it was management responsibility to get back in contact with me.
In addition, I have enclosed a copy of my Mississippi Regional Housing Authority NO. VI. This document was completed by my manager, Shirley Robbins. Ms. Robbins indicated on this form that her for termination was Lack of work
I am requesting that my unemployment be reinstated for the months I didn’t receive them and that I am not require to repayment of my benefits.
DISCUSSION
¶ 8. In reviewing decisions of the Mississippi Employment Security Commis *505 sion to grant or deny unemployment compensation benefits, this Court applies a deferential standard of review. If the decision of the Mississippi Employment Security Commission is not arbitrary or capricious and is supported by substantial evidence, then this Court is obligated to affirm that decision. Routt v. Miss. Employment Sec. Comm’n, 753 So.2d 486(¶ 5) (Miss.Ct.App.1999). The particular decision which is given deferential review is that of the Board of Review, rather than the appeals referee. Joseph v. Miss. Employment Sec. Comm.’n, 771 So.2d 410, 411(¶ 4) (Miss.Ct.App.2000); see also Mississippi Employment Sec. Comm’n. v. Universal Wearparts, Inc., 766 So.2d 104, 108 (¶ 13) (Miss.Ct.App.2000) (Lee, J., concurring).
¶ 9. The Mississippi Employment Security Commission is the finder of fact, and determines issues of weight and credibility. Page v. Zurich Am. Ins. Co. of Ill., 825 So.2d 721(¶ 3) (Miss.Ct.App.2002). Where those findings are supported by substantial evidence, this Court is bound by them. Id.
¶ 10. In reaching its conclusion, the Mississippi Employment Security Commission resolved the question of credibility in favor of Williams, as was its right. Attala County Nursing Ctr. v. Moore, 760 So.2d 784 (Iflf 7-8) (Miss.Ct.App.2000). Its findings are supported by substantial evidence and are therefore binding upon appellate review. Id. at (¶ 8).
¶ 11. In its factual findings, and opinion Mississippi Employment Security Commission stated:
The Board of Review agrees with the Findings of Facts as stated by the Appeals Referee. These facts show that the claimant was called at home by the employer and advised not to report for work for the next two days. The claimant then contacted the employer to inquire as to why she should not report to work and the claimant was advised by the employer that he would get back with her. The claimant was never contacted again by the employer. Under these circumstances it is the opinion of the Board of review that the claimant did not voluntarily leave work but that she was laid off by the employer. The claimant was advised by the employer that he would contact the claimant as to when she should report for work and the employer did not thereafter contact the claimant. It can not be said, therefore, that the claimant voluntarily left work.
¶ 12. The action of the Madison County Circuit Court in reversing the award of benefits to Williams was an abuse of discretion.
¶ 13. The entirety of the circuit court order reads as follows:
This cause was heard on the appeal of Penn’s Fish House, Inc., from an Order of the Mississippi Employment Security Commission entered on September 19, 2002, reversing the decision of the Appeals Referee Denying employment security benefits and adopting that order as the final Order of the Commission. The Court having reviewed the entire record herein, and being otherwise fully advised in the premises, finds that the Order of the Full Commission should be reversed and the findings and Order of the Appeals Referee should be affirmed, and that the Order of the Full Commission should be in all respects reversed.
It is therefore ordered and adjudged, that the Full Commission Order rendered in this case on September 19, 2002, be and the same is in all respects reversed, and the findings and Order of the Appeals Referee should be and the same is hereby affirmed.
*506 So Ordered, this the 15th day of November, 2002.
¶ 14. The circuit court offers no readily discernible reason for its reversal of the Mississippi Employment Security Commission’s decision. Such an action is by definition arbitrary and capricious.
¶ 15. In 'seeking to justify what was an arbitrary and capricious action by the Madison County Circuit Court, the dissent failed to place into full context some of its references to the record. The dissent states that Penn, the owner, testified that he could not recall whether Williams called him. However, a careful reading of Penn’s testimony suggests that he did his best not to testify to anything, either pro or con. There is to be found in the transcript an inference that Penn was called by Williams. Penn testified, “But there could be one. of a hundred calls that I got and so I left it up, if Darnell did call me, it seems like she, there was a problem here of not showing up and why were doing this or why were doing this.” This interpretation of Penn’s testimony is consistent with that of Robbins the manager, who stated that Penn called her about this matter.
¶ 16. The dissent claims that Williams began another job and is therefore ineligible for unemployment compensation benefits. However, the record is unclear as to when and under what circumstances Williams began work. It is true that at the hearing Williams stated that she had obtained other employment. But no one bothered to ask her when or under what circumstances she had obtained employment. Therefore, what the dissent claims as evidence of other employment by Williams is of limited value.
¶ 17. As' stated earlier, and contrary to the suggestion of the dissent, it is the decision of the Board of Review, and not that of the appeals referee which is entitled to deference. Joseph v. Miss. Employment Sec. Comm’n, 771 So.2d 410, 411(¶ 4) (Miss.Ct.App.2000); see also Miss. Employment Sec. Comm’n v. Universal Wearparts, Inc., 766 So.2d 104, 108 (¶ 13) (Miss.Ct.App.2000) (Lee, J., concurring).
¶ 18. Finding the actions of the circuit court to be in error, we reverse and remand to the Mississippi Employment Security Commission for the purpose of determining the appropriate amount, if any, and period of compensation to which Williams is entitled.
¶ 19. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS HEREBY REVERSED. WE REMAND TO THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION TO DETERMINE THE APPROPRIATE AWARD OF BENEFITS.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ.. CONCUR. LEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY THOMAS, J.