LEE, J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. Shirley Darlene Norman began working in 1998 as a cook in the food services department at Magnolia Regional Health Center. On August 15, 2001, Norman was discharged for misconduct in using profane language towards her supervisor. The next day, Norman filed for unemployment benefits, from which she was disqualified. On August 31, 2001, Norman filed a notice of appeal.
¶ 2. On September 27, 2001, a hearing was held before the appeals referee, who found that Norman was discharged for misconduct connected with her work, and so disqualified for unemployment benefits under Miss.Code Ann. § 71-5-513 A(l)(b) (Supp.2002). The board of review affirmed the referee’s findings, as did the Alcorn County Circuit Court. Norman now appeals to this Court asserting that the lower court erred in denying her unemployment benefits under the circumstances surrounding her discharge. Finding no error, we affirm.
*215 DISCUSSION
¶ 3. In reviewing an administrative agency’s findings and decisions, the standard of review by this Court is well settled:
An agency’s conclusions must remain undisturbed unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency.
Lewis v. Mississippi Employment Sec. Comm’n, 767 So.2d 1029(¶ 9) (Miss.Ct.App.2000).
¶ 4. The referee found, and the board of review and the Alcorn County Circuit Court affirmed, that Norman was discharged due to misconduct connected with her work. The referee’s opinion cites to Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982), for a definition of the term “misconduct.”
[T]he meaning of the term “misconduct,” as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences [sic] and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
¶ 5. The referee’s findings of fact refer to a final warning Norman received in October of 1999, after she used abusive, threatening language towards a co-worker. Norman admits that she was guilty of the violation for which she received the warning. On August 15, 2001, Norman referred to a supervisor in a derogatory manner, using profane language. Norman admits to making the derogatory statements about her supervisor, but only in response to a derogatory racial remark made towards her by her supervisor. However, Norman never mentioned the racial remark in subsequent meetings with her employer, only mentioning that her supervisor referred to her as “Ms. Thing.” Norman produced no evidence or witnesses to testify to the use of a derogatory racial remark made by her supervisor. Her employer did testify that there were witnesses who heard the supervisor call Norman “Ms. Thing” frequently and that she appeared to like the nickname.
¶ 6. As previously noted in our standard of review, a rebuttable presumption exists in favor of the administrative agency, and Norman, as the challenging party, has the burden of proving otherwise. We are not permitted to reweigh the facts of the case or insert our judgment for that of the agency and, having found substantial evidence to support the decision and having found no arbitrary or capricious action to exist on the part of the MESC, we affirm the lower court.
*216 ¶ 7. THE JUDGMENT OF THE AL-CORN COUNTY CIRCUIT COURT IS AFFIRMED.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.