911 So.2d 611 (2005)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellant
v.
Theodore PARKER, Appellee.
No. 2004-CC-01969-COA.
Court of Appeals of Mississippi.
September 13, 2005.
*612 Albert B. White, Madison, attorney for appellant.
Theodore Parker, Appellee, pro se.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. Theodore Parker was employed by Platte Chemical as a production line lead person from December 19, 1994, until August 4, 2003, when he was terminated for violating Platte's attendance policy. Platte's attendance policy states that an employee who receives eight occurrences within a twelve-month period will be terminated. One occurrence would be issued for each unexcused absence and one-half occurrence would be issued for tardies, early leaves, or prolonged absences during the day. For any one month with no absences, a one-half occurrence was deducted *613 from the total number of occurrences.
¶ 2. As of August 1, 2003, Parker had accumulated seven points since the beginning of the year. Parker testified that he was aware of the number of points he had accrued and of Platte's attendance policy. On August 1, Parker arrived at work before 7:00 a.m., failed to clock-in and left shortly after arriving to repair his car. After having his car repaired, Parker returned home. Sometime after lunch another employee called Parker to notify him that he needed to return to work. Parker clocked-in at 1:58 p.m., but clocked-out at 2:09 p.m. and did not return to work that day. Parker was assessed one-half point for clocking-in late and one-half point for leaving early, totaling 8 points. Parker was subsequently terminated for violating Platte's attendance policy.
¶ 3. Parker then filed for unemployment benefits. The claims examiner disqualified Parker from receiving benefits finding that he had violated the employer's attendance policy, which constituted misconduct. Parker appealed and, after a hearing on September 17, 2003, the appeals referee affirmed the initial decision denying benefits to Parker. Parker then appealed to the Board of Review, which affirmed the referee's decision and adopted the referee's fact findings and opinion.
¶ 4. Parker appealed the Board's decision to the Washington County Circuit Court. On July 9, 2004, the trial court entered an order reversing the Board's decision, finding that Platte failed to meet its burden of proving misconduct by substantial evidence. From this decision the Mississippi Employment Security Commission (MESC) now appeals.[1] Finding error, we reverse and render.

STANDARD OF REVIEW
¶ 5. In reviewing an administrative agency's findings and decisions, the standard of review by this Court is well settled:
An agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency.
Lewis v. Miss. Employment Sec. Comm'n, 767 So.2d 1029 (¶ 9) (Miss.Ct.App.2000).

DISCUSSION

I. DID THE TRIAL COURT ERR IN FINDING THAT THE BOARD OF REVIEW'S DECISION WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE?
¶ 6. In its primary argument, the MESC argues that the trial court erred in finding that the Board's decision was not supported by substantial evidence. We note that Parker failed to file a brief in this matter. We have "no obligation to look to the record to form an opinion against the appellant where the appellee has filed no such brief outlining his opposing position." Joseph v. Miss. Employment *614 Sec. Comm'n, 771 So.2d 410, 412 (¶ 7) (Miss.Ct.App.2000); see also Selman v. Selman, 722 So.2d 547, 551 (¶ 13) (Miss. 1998); Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984). The failure of the appellee to file a brief may be "tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error." Dethlefs, 458 So.2d at 717.
¶ 7. The referee's opinion cites to Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982), for a definition of the term "misconduct:"
[T]he meaning of the term "misconduct," as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences [sic] and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
¶ 8. After the hearing, the referee determined that Parker had received a final written warning on May 12, 2003, due to the number of his occurrences; that Parker was aware of a possible termination if he missed another day of work; that Parker failed to properly clock-in on August 1; that Parker's car was repaired early that morning and he failed to return to work; that, although he later returned to work to clock-in at the request of another employee, he did not remain at work; and that Parker left work after clocking-in to take his neighbor to the store. The referee found that Parker knew of the attendance policy and "his failure to adhere to this policy does show misconduct as that term is defined in the law." The Board of Review agreed, and we find no error in this determination. We find that substantial evidence existed to deny Parker unemployment benefits; thus, we reverse the trial court's decision.
¶ 9. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS REVERSED AND RENDERED.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] We are aware that, effective July 1, 2004, the name of the MESC was changed to the Mississippi Department of Employment Security, Office of the Governor. Miss.Code Ann. § 71-5-101 (Supp.2004). However, as the action involved in the case occurred prior to July 1, 2004, we will refer to the Department as the MESC.