ISHEE, J.,
for the Court:
¶ 1. The Mississippi Employment Security Commission, now known as the Mississippi Department of Employment Security (MDES), appeals from a judgment of the Circuit Court of Newton County reversing the decision of the Board of Review of the MDES, which denied unemployment benefits to Sandra Wesley. The MDES contends that the circuit court erred by finding that Wesley’s employer, the Mississippi Band of Choctaw Indians (Employer), failed to prove by substantial evidence that Wesley committed disqualifying misconduct, pursuant to Mississippi Code Annotated section 71-5-513(A)(l)(b) (Supp.2005), by repeatedly violating the Employer’s attendance policy. The MDES further contends that the circuit court abused its discretion by improperly substituting its opinion for that of the Board of Review when it found that Wesley did not willfully and wantonly disregard the Employer’s attendance policy as a matter of law.
FACTS
¶ 2. From May 8, 1996 until October 7, 2004, Wesley worked for the Employer as a rewards representative at the Pearl River Resort. She was terminated on October 7 for excessive absenteeism, or tardiness, in violation of the Employer’s at *936 tendance policy. Wesley filed a claim for unemployment benefits on October 10, 2004. The claims examiner conducted an investigation by interviewing Wesley, and Mary Withers, from the Employer’s employee resources department. Withers explained the Employer’s policy regarding tardiness, and stated that Wesley was aware of the policy. The claims examiner determined that Wesley’s excessive tardiness amounted to misconduct, and disqualified Wesley from receiving benefits.
¶ 3. Wesley appealed the decision, and a telephonic hearing was held by the appeals referee on November 24, 2004. During the hearing, Donald Dickinson, the Employer’s employee relations coordinator, testified that Wesley was discharged under Rule 2.1.1 of the employee handbook for persistent tardiness and/or failure to give sufficient notice. Dickinson testified that, pursuant to the handbook, an employee must give at least four hours notice if he or she knows that they are going to be late. Dickinson further testified that the first three tardies are excused, followed by an oral reprimand after the fourth tardy. The employee is given a written warning after the fifth tardy, and after the sixth tardy, the employee is suspended. Upon the seventh tardy, the employee may be terminated.
¶ 4. Dickinson also explained the unfortunate sequence of events leading to Wesley’s termination; he provided documentation to support his testimony. On March 22, 2004, after three excused tardies, Wesley was tardy for a fourth time. She received an oral reprimand, and an oral reprimand form was filled out by her supervisor. Wesley was again tardy on March 29. Consequently, she received a written warning advising her that her persistent tardiness contravened the Employer’s employment policies. Wesley was tardy for a sixth occasion on April 26. Pursuant to the company policy, she was suspended for three days. The notification of suspension form stated that another incident of tardiness within one year would result in dismissal from employment. The seventh and final incident of tardiness took place on October 2, when Wesley clocked in two minutes late, at 8:02 p.m. As a result, Wesley was terminated on October 7 for excessive tardiness, in violation of the Employer’s attendance policy.
¶ 5. During the telephonic hearing, Wesley admitted that she was aware of the attendance policy, and agreed that she was tardy on the days in question. Wesley insisted that she had tried to correct her behavior, but that she continued to run late, due to traffic, if she did not leave home by a certain time. Wesley conceded, however, that all employees must take traffic into account when commuting to work.
¶ 6. After the hearing, the referee concluded that Wesley was aware that her job was in jeopardy due to her excessive tardiness. The referee noted that “misconduct,” pursuant to the unemployment compensation statute, constituted willful and wanton disregard of the employer’s interests, in deliberate violation or disregard of the standards of behavior, which the employer rightfully expects from his employees. As such, the referee determined that Wesley’s actions in violating the Employer’s attendance policy constituted disqualifying misconduct.
¶ 7. Wesley appealed the referee’s decision to the Board of Review. After considering the record, the Board of Review affirmed the decision of the referee and adopted the referee’s findings of fact and opinion on January 19, 2005.
¶ 8. Wesley appealed to the Newton County Circuit Court. On March 23, 2005, the circuit court entered its opinion revers *937 ing the decision of the Board of Review. The circuit court found that there was not substantial evidence to uphold a finding of misconduct on the part of Wesley. The court determined that, although the Employer may have had grounds for discharging Wesley for tardiness, the Employer failed to demonstrate that Wesley’s conduct was willful, deliberate or that she showed substantial disregard of the Employer’s interests. Thus, the circuit court held that the Board of Review erred in disqualifying Wesley from receipt of unemployment benefits.
¶ 9. Aggrieved by the circuit court’s decision, the MDES appeals.
STANDARD OF REVIEW
¶ 10. This appeal is governed by Mississippi Code Annotated section 7Í-5-531 (Supp.2005), which provides in part: “[i]n any judicial proceedings under this section, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.” If the Board of Review’s findings of fact are supported by substantial evidence and are without fraud, then the findings are conclusive. Richardson v. Miss. Employment Sec. Comm’n, 593 So.2d 31, 34 (Miss.1992) (citing Ray v. Bivens, 562 So.2d 119, 121 (Miss.1990); Melody Manor, Inc. v. McLeod, 511 So.2d 1383, 1385 (Miss.1987)). In reviewing an administrative agency’s findings and decisions, a re-buttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Miss. Employment Sec. Comm’n v. Parker, 911 So.2d 611, 613(¶ 5) (Miss.Ct.App.2005) (citing Lewis v. Miss. Employment Sec. Comm’n, 767 So.2d 1029(¶ 9) (Miss.Ct.App.2000)). This Court “must not reweigh the facts of the case or insert its judgment for that of the agency.” Id.
ISSUES AND ANALYSIS
I. Whether the circuit court, acting as an appellate court in this matter, abused its discretion and erred by finding that the Employer failed to prove by substantial evidence that Wesley committed disqualifying misconduct, pursuant to Mississippi Code Annotated § 71-5-513(A)(1)(b), by repeatedly violating the Employer’s attendance policy after warnings had been given.
II. Whether the Circuit Court improperly substituted its opinion for that of the Board of Review, and abused its discretion, by finding that Wesley did not willfully and wantonly disregard the Employer’s attendance policy, as a matter of law.
¶ 11. We must first note that Wesley failed to file a brief with this court. We are not obligated “to look to the record to form an opinion against the appellant where the appellee has filed no such brief outlining his opposing position.” Parker, 911 So.2d at 613(¶ 6) (citing Joseph v. Miss. Employment Sec. Comm’n, 771 So.2d 410, 412(¶ 7) (Miss.Ct.App.2000)). This Court has long held that an appellee’s failure “to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and the brief of the appealing party, that there was no error.” Varvaris v. Perreault, 813 So.2d 750, 752(¶ 5) (Miss.Ct.App.2001) (citing Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984)).
¶ 12. The MDES argues that the circuit court abused its discretion in finding that the Board of Review’s decision was not supported by substantial evidence. The *938 circuit court determined that, although the Employer may have had grounds for discharging Wesley for tardiness, the Employer failed to demonstrate that Wesley’s conduct was willful, deliberate or that she showed substantial intent or disregard of the Employer’s interest, as defined in Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982). Consequently, MDES argues that the circuit court substituted its opinion for that of the Board of Review.
¶ 13. In his opinion finding that Wesley’s actions constituted misconduct, the referee cites to Wheeler for a definition of “misconduct”:
[t]he meaning of the term “misconduct,” as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of the standards of behavior which the employer has the right to expect from his employees. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences [sic] and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
Id. at 1383 (citing Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636, 640 (1941)).
¶ 14. The referee determined that Wesley had been warned and was aware that her job was in jeopardy due to her tardiness. The referee found that, pursuant to the Employer’s policy, Wesley received an oral reprimand, a written reprimand, and a suspension before her termination for excessive tardiness on October 7, 2004. Therefore, the referee concluded that Wesley’s actions constituted “misconduct connected with the work as that term is defined.” The Board of Review affirmed the decision of the referee and adopted the referee’s findings of fact and opinion.
¶ 15. In Barnett v. Mississippi Employment Sec. Commission, 583 So.2d 193, 196 (Miss.1991), despite warnings from the employer about excessive absenteeism, the employee failed to notify the employer that he would be absent when a tree fell on his house. The court determined that the employee’s actions were unreasonable in light of the employer’s warnings. Id. Thus, the court found that substantial evidence supported the finding that the employee’s excessive absenteeism constituted misconduct and precluded employment benefits. Id.
¶ 16. Similar to Barnett, the record in this case reflects that Wesley was aware of her Employer’s attendance policy; that she knew her job was in jeopardy due to her failure to adhere to that policy; and that, despite this knowledge, she continued to violate the policy. Consequently, we find that the decision of the Board of Review is supported by substantial evidence. We also note that the purpose of the “employment fund is to take care of deserving employees who have lost their jobs through no misconduct and involuntary unemployment.” Miss. Employment Sec. Comm’n v. Borden, 451 So.2d 222, 224 (Miss.1984). Accordingly, we reverse the circuit court’s decision and reinstate the decision of the Board of Review.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY IS REVERSED AND RENDERED.
*939 KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR.