951 So.2d 597 (2007)
Phil R. WALDRUP, Appellant
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellee.
No. 2006-CC-00745-COA.
Court of Appeals of Mississippi.
March 13, 2007.
*598 Phil R. Waldrup, Appellant, pro se.
Albert B. White, Madison, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. On September 22, 2005, the Board of Review of the Mississippi Department of Employment Security[1] (Board) issued an order denying unemployment benefits to Phil R. Waldrup. The Circuit Court of Panola County affirmed the Board's decision. Aggrieved, Waldrup appeals. He asserts the following issues for this Court's review:
I. Whether substantial evidence supports the Board's finding that Waldrup voluntarily left his employment with Southern Truck & Refurbishing.
II. Whether substantial evidence supports the Board's finding that Waldrup failed to show good cause for voluntarily leaving his job.
Finding no error, we affirm.

FACTS
¶ 2. Waldrup was employed as a parts salesman for Southern Truck & Refurbishing (Southern Truck) for approximately one year, ending on June 8, 2005. After Waldrup's employment with Southern Truck ended, he filed for unemployment benefits with the Mississippi Department of Employment Security (MDES). A claim investigator with the MDES interviewed Waldup and Southern Truck's general manager, Ken Cupit. The investigator recommended disallowance of unemployment benefits finding that Waldrup failed to show good cause for voluntarily leaving his employment. Upon appeal, a telephonic hearing was conducted by an administrative appeals officer on August 1, 2005.
¶ 3. During the hearing, Waldrup testified to the events which led to his separation from Southern Truck. Waldrup testified that, on June 6, 2005, he had a discussion with Cupit about a possible pay raise or a promotion, but did not get the answer that he wanted. Waldrup further testified that, on June 7, 2005, he did not show up for work because he was "still aggravated" about his discussion with Cupit on June 6. On the morning of June 8, 2005, Waldrup called Cupit and asked whether he could have the remainder of the week off with pay. Cupit did not give Waldrup permission. Later that day, Waldrup showed up at work and turned in his keys. Waldrup testified that, although Cupit never told him that he was fired, when he asked Cupit whether he wanted back the key, Cupit replied that he did.
¶ 4. Cupit testified that he did not tell Waldrup that he wanted the keys and that he did not tell Waldrup that he was fired. Cupit further testified that, had Waldrup not turned in his keys, he could have continued to work for him. Cupit also testified that when Waldrup called him on the morning of June 8, after being absent with no explanation the day before, he told Waldrup that he needed to make up his mind as to whether he wanted to work at *599 Southern Truck. According to Cupit, Waldrup came into work, cleaned out his desk, and asked Cupit whether he wanted the keys. Cupit explained that he replied "I guess" because he assumed Waldrup was quitting.
¶ 5. The administrative appeals officer found that Waldrup voluntarily quit his job with Southern Truck because he was dissatisfied with his pay. The administrative appeals officer further found that, although Waldrup was dissatisfied with his pay, he failed to show "that the job was detrimental to his health, safety, morals, or physical fitness." Consequently, the administrative appeals officer determined that Waldrup should be disqualified for benefits, as he left his job voluntarily and without good cause, pursuant to Mississippi Code Annotated section 71-5-513(A)(1)(a). The Board affirmed the decision of the administrative appeals officer on September 22, 2005, and on March 24, 2006, the Circuit Court of Panola County affirmed the decision of the Board.
¶ 6. Aggrieved by the circuit court's decision, Waldrup appeals.

STANDARD OF REVIEW
¶ 7. This appeal is governed by Mississippi Code Annotated section 71-5-531 (Supp.2006), which provides in part: "[i]n any judicial proceedings under this section, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." In reviewing an administrative agency's findings and decisions, a rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Miss. Employment Sec. Comm'n v. Parker, 911 So.2d 611, 613(¶ 5) (Miss.Ct.App. 2005) (citing Lewis v. Miss. Employment Sec. Comm'n, 767 So.2d 1029(¶ 9) (Miss.Ct. App.2000)). This Court "must not reweigh the facts of the case or insert its judgment for that of the agency." Id.

ISSUES AND ANALYSIS
I. Whether substantial evidence supports the Board's finding that Waldrup voluntarily left his employment with Southern Truck & Refurbishing.
¶ 8. Waldrup contends that the finding of the Boards that he voluntarily left his employment with Southern Truck is not supported by substantial evidence. Waldrup insists that he was simply asking whether he still had a job with Southern Truck when he made the following statement to Cupit: "I presume you want the keys." Waldrup asserts that he had his answer that he was discharged when Cupit accepted the keys. Consequently, Waldrup maintains that he did not quit his job.
¶ 9. The question of whether an employee voluntarily leaves his employment or is terminated is a question of fact to be determined by the MDES. Huckabee v. Miss. Employment Sec. Comm'n, 735 So.2d 390, 394(¶ 14) (Miss.1999) (citing Miss. Employment Sec. Comm'n v. Georgia-Pac. Corp., 394 So.2d 299, 303 (Miss. 1981)). If the Board of Review's findings of fact are supported by substantial evidence and are without fraud, then the findings are conclusive. Richardson v. Miss. Employment Sec. Comm'n, 593 So.2d 31, 34 (Miss.1992) (citing Ray v. Bivens, 562 So.2d 119, 121 (Miss.1990); Melody Manor, Inc. v. McLeod, 511 So.2d 1383, 1385 (Miss.1987)).
¶ 10. During the hearing with the administrative appeals officer, Waldrup admitted that Cupit never told him that he was fired. He also testified that did not go into work on June 7 because he was *600 unhappy that Cupit had not given him a raise or promotion. Waldrup further testified that, on June 8, after Cupit did not grant his request for a week off without pay, Waldrup turned in his keys. Moreover, Cupit testified that he did not request that Waldrup turn in his keys, but accepted the keys when they were offered by Waldrup. Cupit further explained that he did not know what was going on when Waldrup voluntarily cleaned out his desk and subsequently offered Cupit his keys.
¶ 11. Based on the aforementioned testimony, we find that substantial evidence supports the Board's findings of fact. This issue is without merit.
II. Whether substantial evidence supports the Board's finding that Waldrup failed to show good cause for voluntarily leaving his job.
¶ 12. Mississippi Code Annotated section 71-5-513(A)(1)(c) (Supp.2006) provides in relevant part that "[t]he burden of proving good cause for leaving work shall be on the claimant." In the case sub judice, Waldrup gave no testimony of good cause for voluntarily quitting his job. Although Waldrup testified that he was dissatisfied with not getting a raise and a week off with pay, throughout his testimony, Waldrup maintained that he was discharged from his employment with Southern Truck. Consequently, we find substantial evidence to support the Board's finding, as upheld by the Circuit Court, that Waldrup failed to show "that the job was detrimental to his health, safety, morals, or physical fitness." Therefore, we must affirm the decision of the circuit court affirming the findings of the Board. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY IS AFFIRMED.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Effective July 1, 2004, the name of the Mississippi Employment Security Commission changed to the Department of Employment Security, Office of the Governor. Miss.Code Ann. § 71-5-11(f) (Supp.2006).