GRIFFIS, J., for the Court:
 

 ¶ 1. The Mississippi Department of Employment Security (“MDES”) appeals the judgment of the Humphreys County Circuit Court, which reversed the denial of unemployment benefits by the MDES Board of Review (“Board of Review”). MDES argues that the circuit court substituted its own judgment for that of the Board of Review when it found that there was insufficient evidence that Chandra Shields voluntarily abandoned her employ
 
 *1205
 
 ment. We agree; therefore, the judgment of the circuit court is reversed and rendered.
 

 FACTS
 

 ¶2. Shields was employed by Lowes Home Centers, Inc. (“Lowes”) on November 16, 2005. On September 1, 2007, Shields took maternity leave. Shields filed her initial claim for unemployment insurance benefits on September 4, 2007, while she was on maternity leave. Shields cited August 31, 2007, as the last day she had worked, and she stated that her reason for separation was a leave of absence. Shields disclosed that she was pregnant and that she had an expected due date of November 25, 2007. MDES informed Shields that more information was necessary to review her claim.
 

 ¶ 3. While Shields’s claim was still under review with MDES, Shields’s child was born prematurely on October 19, 2007. Shields’s doctor released her for work on December 14, 2007. Lowes classified her maternity leave as time off under the Family Medical Leave Act, and it was agreed that her maternity leave would end on January 6, 2008.
 

 ¶ 4. Shields’s child had complications after birth that required surgery. Shields notified Lowes, that she could not return to work as planned because she had to stay home with her child. Lowes granted Shields a leave of absence that was classified as personal leave. This leave of absence was scheduled to end on March 1, 2008. Shields failed to return to work on March 1. Lowes found that Shields had abandoned her employment; therefore, Shields was terminated.
 

 ¶ 5. A MDES claims examiner took statements from Shields and a Lowes representative, and the claims examiner reviewed Shields’s medical records. The claims examiner found that Shields did not return to work due to her lack of child care. Because this reason did not constitute good cause for voluntarily leaving her employment, the claims examiner denied Shields’s request for unemployment benefits.
 

 ¶ 6. Shields appealed, and a hearing was held before an administrative law judge (“ALJ”). Testimony was offered by Shields, Pete Wheeler — Lowes store manager, and Pamela Dees — Lowes customer service manager. Wheeler testified that Shields abandoned her job when she did not return to work on March 1st. He said that Lowes had never threatened to fire Shields before that date; in fact, Lowes was hiring at that time. There was work available for Shields if she had returned to work as planned. Wheeler stated that Shields never contacted him about returning to work. Further, he had no record of her contacting anyone at Lowes. He stated that he would have given her a third leave of absence if that was what she needed; however, there was no evidence that she ever requested one.
 

 ¶ 7. Shields testified that she called the human resources department sometime in March and was notified that she had been terminated. It was Shields’s understanding that she was supposed to call when she was ready to return to work. However, Shields did admit that she knew her leave of absence was scheduled to end on March 1st.
 

 ¶ 8. Dees was Shields’s immediate supervisor at Lowes. She stated that Shields never contacted her about returning to work. Dees testified that she saw Shields outside of work while Shields was on leave of absence from Lowes. Dees said that Shields told her that she did not wish to return to work at Lowes.
 

 ¶ 9. The ALJ concluded that Shields had failed to show good cause for abandoning
 
 *1206
 
 her employment. Shields was disqualified from receiving unemployment benefits from March 2, 2008, until she was reemployed and earned eight times her weekly benefit amount.
 

 ¶ 10. The Board of Review affirmed the ALJ’s decision. Shields filed a pro se appeal in the circuit court. No briefs were filed by the parties. The circuit court held that there was no substantial evidence to support the Board of Review’s finding that Shields had abandoned her employment. The circuit court stated that Shields had continued to communicate with the human resources department at Lowes. The circuit court held that: “Simply because she did not appear on March 1st does not substantially support the conclusion that she abandoned or quit her job.” The Board of Review’s denial of unemployment benefits was reversed by the circuit court. MDES now appeals from that judgment.
 

 STANDARD OF REVIEW
 

 ¶ 11. The following is the standard of review we must apply to the decision of the Board of Review:
 

 The standard of review of a trial court’s decision to affirm or deny the [MDES] Board of Review’s findings and decision is abuse of discretion. Further, section 71-5-531 of the Mississippi Code provides that in any judicial proceedings to review a [MDES] Board of Review decision, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. Therefore, if the [MDES] Board of Review’s decision was supported by substantial evidence and was not arbitrary or capricious, the circuit court and this Court must affirm that decision. Substantial evidence has been defined by the Mississippi Supreme Court to be such relevant evidence as reasonable minds might accept as adequate to support a conclusion or to put it simply, more than a “mere scintilla” of evidence. An act is arbitrary and capricious when done without reason, ... implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles. If an agency’s decision is found to be unsupported by substantial evidence, it necessarily follows that the decision is arbitrary and capricious.
 

 Howell v. Miss. Employment Sec. Comm’n,
 
 906 So.2d 766, 769 (¶ 7) (Miss.Ct.App.2004) (internal citations and quotations omitted).
 

 ANALYSIS
 

 ¶ 12. The circuit court found insufficient evidence to support the Board of Review’s conclusion that Shields had quit her job voluntarily. MDES argues that the circuit court abused its discretion and substituted its own judgment for that of the Board of Review. Shields failed to file a brief in response to MDES’s claims. “We are not obligated ‘to look to the record to form an opinion against the appellant where the appellee has filed no such brief outlining his opposing position.’ ”
 
 Miss. Employment Sec. Comm’n. v. Wesley,
 
 928 So.2d 934, 937 (¶ 11) (Miss.Ct.App.2006) (quoting
 
 Miss. Employment Sec. Comm’n. v. Parker,
 
 911 So.2d 611, 613 (¶ 6) (Miss Ct.App.2005)). “This Court has long held that an appellee’s failure ‘to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and the brief of the appealing party, that there was no error.’ ”
 
 Id.
 
 (quoting
 
 Varvaris v. Perreault,
 
 813 So.2d 750, 752 (¶5) (Miss.Ct.App.2001)).
 

 ¶ 13. The question of whether Shields quit voluntarily or was discharged
 
 *1207
 
 from her employment is a question of fact to be determined by the Board of Review.
 
 Huckabee v. Miss. Employment Sec. Comm’n,
 
 735 So.2d 390, 394 (¶ 14) (Miss.1999). This Court is bound by the Board of Review’s determination that Shields had quit her employment voluntarily without good cause as long as such finding is supported by substantial evidence.
 
 Id.
 

 ¶ 14. The circuit court’s ruling centered on Shields’s assertion that she had maintained communications with the human resource department while she was on leave. The order states the following:
 

 After careful review of the findings of facts, hearing transcript and record in this case, this Court finds that substantial evidence does not exist to support a conclusion that Shields voluntarily quit or abandoned her job. No one disputed the fact that she was referred to human resource[s] each time she called and she communicated with Lee Collins or Dani-ka in that office. The store manager simply concluded that Shields did not contact him for an extension nor any department managers and she failed to appear for work on March 1st. He further testified that the store never heard from her again therefore she abandoned her job and was terminated. The store manager placed great weight in the fact that she did not contact him or the department manager, his witness. To the contrary, Shields provided testimony that there was ongoing communication with Lee Collins or Danika in human resource[s] and was advised to call back when she was able to return. Shields stated that she called Lee Collins some time during the first week of March and was informed that she was already terminated. The store manager neither confirmed nor could he deny that she communicated with Lee Collins in the human resouree[s] office. The fact remains that she communicated with the company. The store manager testified that her leave did not terminate until March 1st. Simply because she did not appear on March 1st does not substantially support the conclusion that she abandoned or quit her job. This Court cannot find substantial evidence that Shields abandoned or voluntarily quit her employment from the record presented.
 

 ¶ 15. Shields testified that she maintained contact with the human resources department while she was on leave. Shields also testified that she had requested a second leave of absence after her maternity leave because of her sick child. Further, Shields testified that she was aware her second leave of absence ended on March 1st. Shields did nothing to request a third leave of absence. Wheeler testified that she would have been given such an extension of her leave had she requested one. Shields never attempted to return to work. Even after she called and was informed of her termination, Shields never contacted Wheeler or Dees. Wheeler testified that Lowes was in the middle of a massive hiring phase and that there was ample work for Shields had she returned to work.
 

 ¶ 16. The circuit court may have disagreed with the ruling of the Board of Review; however, its finding that there was no substantial evidence to uphold the Board of Review’s decision is in error. The record in this case shows that there was conflicting evidence from the parties regarding the issue of whether Shields quit her job voluntarily. This Court and the circuit court, sitting as courts of appeal, must give deference to the findings of the Board of Review. It was the Board of Review’s task to weigh the conflicting evidence on this issue of fact.
 

 
 *1208
 
 ¶ 17. We find that the Board of Review’s ruling that Shields had quit her employment with Lowes voluntarily is supported by substantial evidence in the record. As such, the circuit court’s judgment is reversed, and the decision of the Board of Review is reinstated.
 

 ¶ 18. THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT IS REVERSED, AND A JUDGMENT IS RENDERED TO REINSTATE THE DECISION OF THE MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.