910 So.2d 742 (2005)
Jeanette SWINNEY, Appellant
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Lipscomb Oil Company, Appellees.
No. 2004-CC-00258-COA.
Court of Appeals of Mississippi.
March 22, 2005.
*743 Neysha Larose Sanders, attorney for appellant.
Albert B. White, Madison, attorney for appellees.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Jeannette Swinney was employed by Lipscomb Oil Company as a manager from June 14, 2000, until April 7, 2003, when she was terminated. Swinney then filed for unemployment benefits. The claims examiner disqualified Swinney from receiving benefits finding that she was fired for disrespecting authority and insubordination, both of which constituted misconduct. Swinney appealed this decision and, after conducting a telephonic hearing on May 16, 2003, the Appeals Referee affirmed the initial decision denying benefits to Swinney. Swinney then appealed to the Board of Review. The Board affirmed the referee's decision, adopting the referee's fact findings and opinion.
¶ 2. On August 13, 2003, Swinney appealed to the Circuit Court of Leflore County. The trial court rendered its decision on February 7, 2004, finding that the Board's decision was supported by the evidence and there were no other grounds for reversal. Swinney now appeals to this Court asserting the following: (1) the decision of the MESC denying benefits was not supported by substantial evidence; (2) the MESC violated her right to due process at the telephonic hearing as she was not allowed to call witnesses; and (3) the decision of the MESC denying her benefits was arbitrary and capricious, beyond the scope of the agency's power in violation of her constitutional rights.

STANDARD OF REVIEW
¶ 3. In reviewing an administrative agency's findings and decisions, the standard of review by this Court is well settled:
An agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency.
Lewis v. Mississippi Employment Sec. Comm'n, 767 So.2d 1029(¶ 9) (Miss.Ct.App. 2000).

DISCUSSION
I. WAS THE DECISION OF THE MESC DENYING SWINNEY UNEMPLOYMENT BENEFITS SUPPORTED BY SUBSTANTIAL EVIDENCE?
III. WAS THE DECISION OF THE MESC DENYING SWINNEY UNEMPLOYMENT BENEFITS ARBITRARY AND CAPRICIOUS?
¶ 4. As Swinney's first and third issues are interrelated, we will discuss them simultaneously. Swinney mainly argues that there was no substantial evidence that she was guilty of misconduct. Furthermore, Swinney states that since the agency's decision is not based on substantial evidence, then the decision is also arbitrary and capricious. The referee's opinion cites to Wheeler v. Arriola, 408 *744 So.2d 1381, 1383 (Miss.1982), for a definition of the term "misconduct."
[T]he meaning of the term "misconduct," as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences [sic] and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
¶ 5. The referee found that Swinney was discharged for inappropriate behavior on the job. Swinney was involved in an argument with her district manager, Senior Henderson, Jr., at which time she became verbally abusive towards him. Swinney was terminated that same day. The year before this incident, in June 2002, Swinney had been cited for using profane language and acting disrespectfully. Swinney was given a written warning at that time. From the testimony, it is clear that Swinney was aware of the company policy that insubordination or abusive language towards customers or the management would result in termination. Swinney's response consisted of a general denial of the misconduct and an accusation that Henderson used foul language.
¶ 6. As previously noted in our standard of review, a rebuttable presumption exists in favor of the administrative agency, and Swinney, as the challenging party, has the burden of proving otherwise. We are not permitted to reweigh the facts of the case or insert our judgment for that of the agency and, having found substantial evidence to support the decision and having found no arbitrary or capricious action to exist on the part of the MESC, we find these issues to be without merit.

II. WAS SWINNEY'S RIGHT TO DUE PROCESS VIOLATED AT THE TELEPHONIC HEARING AS SHE WAS NOT ALLOWED TO CALL WITNESSES ON HER BEHALF?
¶ 7. In Swinney's remaining argument she claims that the referee did not provide her with a fair hearing. Specifically, Swinney argues that the telephonic hearing was not reliable, she was never provided with a copy of the rules of the procedure which would apply at her hearing, and she was never given the opportunity to call witnesses on her behalf. In regards to the claim that the telephonic hearing was unreliable, we find Swinney's argument that the referee could not verify that Swinney and Henderson were the ones testifying unpersuasive.
¶ 8. In Booth v. Mississippi Employment Sec. Comm'n, 588 So.2d 422, 427 (Miss.1991), the supreme court stated that, in appeals before administrative agencies, minimum due process is required, which consists of "notice reasonably calculated, under all the circumstances, to apprise interested parties ... and afford them an opportunity to present objections." Swinney was notified of the hearing and that the issue to be discussed concerned the reason for her discharge. At no time during the hearing did Swinney state that she intended to call witnesses to support her case. Swinney was given the opportunity *745 to discuss more concerning the incident, but she declined.
¶ 9. We cannot find that Swinney's right to due process was violated at this hearing; thus, this issue is without merit.
¶ 10. THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT IS AFFIRMED.
KING, C.J, BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.