928 So.2d 241 (2006)
The CITY OF VICKSBURG, Appellant
v.
Dewayne L. WINTERS, Appellee.
No. 2005-CC-00795-COA.
Court of Appeals of Mississippi.
May 2, 2006.
*242 Walterine Langford, Bobby D. Robinson, Nancy Davis Thomas, Vicksburg, attorneys for appellant.
Dewayne L. Winters, Appellee, pro se.
Before MYERS, P.J., SOUTHWICK and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. This case is on appeal from the Circuit Court of Warren County granting unemployment benefits to Vicksburg firefighter Dewayne Winters. Winters was suspended without pay by the City of Vicksburg following his arrest for domestic violence while on the job. The Mississippi Employment Security Commission denied Winters' unemployment benefits based on misconduct. The circuit court reversed the Commission and granted Winters unemployment benefits. Finding that the actions of Winters rose to the level of misconduct, we reverse and render.

FACTS
¶ 2. The record in this case is very limited. Only the appellant filed a brief in this case.
¶ 3. Dewayne Winters was suspended indefinitely on March 3, 2004, from the City of Vicksburg Fire Department for an arrest that stemmed from a domestic violence incident that occurred on March 2, 2004, while on duty. Prior to this suspension, Winters had been employed by the City for twelve years and ten months. Winters had been a good employee of the fire department during his entire time of employment until this incident.
¶ 4. On March 2, 2004, Winters received a telephone call from Doris Patton with whom he had been romantically involved concerning a child to which she had given birth. Winters informed Patton that he was at work and did not want to discuss the child at that time. At some point in the day, Patton presented herself at the fire station and insisted on talking with Winters. Winters and Patton went outside the station to discuss the matter, where Patton began to hit Winters. During the altercation, Patton picked up a mop handle and began to strike Winters with it. Winters took the mop handle away from Patton and struck her with it. Patton left the fire station at this time.
*243 ¶ 5. Later in the evening Patton returned to the fire station. When she returned, Patton informed Winters that she had been injured when he struck her and showed him the wound. Winters and a coworker bandaged the injury. Winters and Patton apologized to each other and Patton left.
¶ 6. After leaving the fire station the second time Patton proceeded to the Vicksburg Police Department where she filed a complaint for domestic violence. Winters was arrested and charged.
¶ 7. On March 3, 2004, Winters was suspended indefinitely. Following this suspension Winters applied for unemployment benefits which were denied by the claims examiner based on misconduct. Winters appealed the denial and a hearing was held by an appeals referee of the Mississippi Employment Security Commission[1]. The referee affirmed the denial based on Winters' physical strength being superior to that of Patton. The referee reasoned that once Winters obtained control of the mop handle he went on the offensive. This offensive action by Winters against Patton shows a disregard of the standard of behavior expected by the City from its employees and was disqualifying misconduct.
¶ 8. In its opinion, the lower court held that the City had failed to meet its burden of proof that the actions by Winters rose to the level of misconduct that "seen by a fair-minded reasonable person as a willful and wanton disregard of the employer's interest." The court held that the evidence showed that Winters' actions amounted to unsatisfactory conduct and an isolated incident in poor judgment. From this ruling the City appeals raising numerous issues. This Court has combined the issues into one single issue:

DID THE TRIAL COURT ERR IN RULING THAT WINTERS' ACTION DID NOT AMOUNT TO MISCONDUCT

DISCUSSION
¶ 9. In reviewing an administrative agency's findings and decisions, the standard of review by this Court is well settled:
An agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency.
Lewis v. Miss. Employment Sec. Comm'n, 767 So.2d 1029, 1030-31(¶ 9) (Miss.Ct.App. 2000).
¶ 10. The City's primary argument is that Winters' actions on March 2, 2003, rose to the level of misconduct. We note that Winters failed to file a brief in this matter. We have "no obligation to look to the record to form an opinion against the appellant where the appellee has filed no such brief outlining his opposing position." Joseph v. Miss. Employment Sec. Comm'n, 771 So.2d 410, 412(¶ 7) (Miss.Ct.App.2000); see also Selman v. Selman, 722 So.2d 547, 551(¶ 13) (Miss. 1998); Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984). The failure of the appellee to file a brief may be "tantamount to confession of error and will be accepted as such unless the reviewing *244 court can say with confidence, after considering the record and brief of appealing party, that there was no error." Dethlefs, 458 So.2d at 717.
¶ 11. The referee's opinion cites to Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982), for a definition of the term "misconduct:"
[T]he meaning of the term "misconduct," as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences [sic] and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
The burden of proving misconduct connected with work is upon the employer. Miss.Code Ann. § 71-5-513 A(1)(c).
¶ 12. In its order the Circuit Court of Warren County stated that the employer did not meet the burden required to prove disqualifying misconduct. The trial court determined that the actions of Winters amounted to unsatisfactory conduct and poor judgment but not misconduct. We do not agree.
¶ 13. The referee's opinion states in part:
The claimant was discharged because he engaged in a physical altercation with an individual on the employer's premises. The Referee is of the opinion that his physical strength was superior to that of the individual attacking him as demonstrated by his ability to take the mop handle away from his attacker. Once he gained control of the mop handle, he then went on the offensive. He could have called for his coworkers to assistant [sic] him instead of striking her. His striking this individual with a mop handle does show a disregard of the standard of behavior which the employer has the right to expect. His actions do show misconduct as that term is defined.
¶ 14. The board of review agreed with the referee, and we find no error in this determination. We find that the actions of Winters in striking Patton with the mop handle amounted to misconduct and was behavior that the City should expect its employees to avoid; thus, we reverse the trial court's decision.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE, P.J., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
NOTES
[1] Effective July 1, 2004, the name of the Mississippi Employment Security Commission changed to the Department of Employment Security, Office of the Governor. Miss.Code Ann. Section 71-5-11(f) (Supp.2005).