KING, C.J.,
for the Court.
¶ 1. The Mississippi State Board of Massage Therapy (the Board) found that massage therapist Shirley Dawson violated several rules governing massage therapists, and ordered her to pay a fine of $400, complete an ethics course, and be placed on probation for six months. Dawson then appealed to the Hinds County Circuit Court which reversed in part and affirmed in part. Dawson now appeals the judgment of the circuit court, raising the following issues:
I. Whether Dawson’s due process rights were violated
II. Whether the Board’s findings that Dawson violated Rules 9 and 11 of the Code of Ethics was supported by substantial credible evidence.
III. Whether the Board has authority to impose fines against Dawson.
Finding no error, we affirm.
FACTS
¶ 2. On April 11, 2003, Janice Gatewood received a thirty minute massage from Shirley Dawson, a registered massage therapist, at Ann’s Hair and Spa in Brandon, Mississippi. During the first part of the massage, Dawson used only her hands to massage Gatewood’s back. During the latter half of the massage, Dawson used an electrical massaging device to massage Gatewood’s back. Gatewood testified that she experienced pain during that part of the massage involving the electrical device, but that the pain had ceased at the conclusion of the massage. When Gatewood awoke the day after receiving the massage, her husband noticed bruises on the back of her arms, thighs, and hips. Gatewood took pain relievers for the next week, but did not seek medical attention.
¶ 3. On July 21, 2003, Gatewood filed a complaint with the Board, stating, “During massage used some type of kneading machine on neck, back, and legs. Massaged so deep on hips and thighs, left severe bruising. Told it hurt — to no avail.” A hearing before the Board on Gatewood’s complaint was held on February 19, 2004. At the conclusion of the hearing, the Board found that Dawson violated (1) Mississippi Code Annotated Section 73-67-7(h) (Rev. *831 2004) by using an electrical massaging device; (2) Provision 1 of the Code of Ethics by misrepresenting her qualifications; (3) Provision 9 of the Code of Ethics by failing to recognize Gatewood’s outward display of pain, and failing to modify the massage after said display of pain; and (4) Provision 12 of the Code of Ethics by exhibiting a lack of respect for the client’s boundaries and autonomy after the expression of pain by the client. The Board also found that each of the four violations also constituted four separate violations of Mississippi Code Annotated Section 73 — 67—27(f) (Rev. 2004). Accordingly, the Board fined Dawson $100 per violation, ordered her to complete an ethics course, and placed Dawson on probation for six months.
¶4. Dawson subsequently appealed to the Hinds County Circuit Court. The circuit court reversed and rendered the Board’s findings that Dawson violated Mississippi Code Annotated Section 73-67-7(h) and Provision 1 of the Code of Ethics. The Court affirmed the Board’s findings that Dawson violated Provisions 9 and 12 of the Code of Ethics.
ANALYSIS
Standard of Review
¶ 5. This Court will not disturb an administrative agency’s decision unless the decision, “1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights.” City of Vicksburg v. Winters, 928 So.2d 241, 243(¶ 9) (Miss. Ct.App.2006). A rebuttable presumption exists in favor of administrative agency decisions. Swinney v. Miss. Empl. Sec. Comm’n, 910 So.2d 742, 743(¶ 3) (Miss.Ct. App.2005). Reviewing courts are bound by the record, and are prohibited from reweighing the facts of the case. Id.
I. Whether Dawson’s due process rights were violated
¶ 6. Board member Connie Shanks investigated Gatewood’s complaint against Dawson. On the day of the hearing, Shanks voted with other Board members to move into executive session in order to hold the investigative proceeding. Shanks then testified at Dawson’s hearing. Dawson claims that Shanks’ participation in the investigation and the administrative hearing violated her due process right to a fair hearing. She also claims that the error was compounded when Shanks allegedly participated in the Board’s final decision.
¶ 7. “Due process always stands as a constitutionally grounded procedural safety net in administrative proceedings.” McFadden v. Mississippi State Bd. of Med. Licensure, 735 So.2d 145, 158(¶51) (Miss.1999) (quoting McGowan v. Mississippi State Oil & Gas Bd., 604 So.2d 312, 318 (Miss.1992)). The supreme court in McFadden held that one’s due process rights are not violated simply because a Board acts in both an investigative and adjudicatory capacity. Id. at (¶ 52). The court went on to note:
It is also very typical for the members of administrative agencies to receive the results of investigations, to approve the filing of charges or formal complaints instituting enforcement proceedings, and then to participate in the ensuing hearings. This mode of procedure does not violate the Administrative Procedures Act, and it does not violate due process of law.
Id. (quoting Withrow v. Larkin, 421 U.S. 35, 56, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)). Accordingly, Dawson’s argument regarding Shanks’ dual capacity as investigator and hearing participant fails as a matter of law.
*832 ¶ 8. Dawson’s claim that Shanks participated in the Board’s final decision is wholly unsupported by the record. In fact, the record indicates the opposite. At the end of the hearing, Dawson’s attorney asked the hearing officer if Shanks would be excused prior to the Board’s vote. The hearing officer replied that she was “about to get to all that.” A Board member then moved to make a closed determination of whether to go into executive session, and the motion was passed. The hearing officer then closed the proceeding asking members of the public to excuse themselves. The Board’s attorney then asked the court reporter to have the record reflect that Shanks had in fact left the room along with the members of the public. Therefore, Dawson’s assertion that Shanks cast a vote in the Board’s decision is without merit.
II. Whether the Board’s findings that Dawson violated Rules 9 and 12 of the Code of Ethics was supported by substantial credible evidence.
¶ 9. Rule 9 of the Board’s Code of Ethics advises practitioners to “respect the client’s rights to refuse, modify, or terminate therapy regardless of prior consent given.” The Board found that “Ms. Gate-wood’s outward display of pain should have been recognized and addressed by modification or halting of the massage.” Provision 12 of the Board’s Code of Ethics provides that practitioners should, “respect the client’s boundaries with regard to privacy, disclosure, exposure, emotional expression, beliefs, and the client’s reasonable expectations of professional behavior. Practitioners will respect the client’s autonomy.” The Board found that Dawson also violated this provision by exhibiting a lack of respect for Gatewood’s boundaries and autonomy by failing to modify or cease the massage after Gatewood’s expression of pain.
¶ 10. At the hearing, Gatewood was asked if she told Dawson that the massage was painful. Gatewood replied, “Yeah. I said, you know, I was like, oh, my God, you know. This is killing me. And she’s like, ‘It’s all you. It’s all you. I’m not doing it.’” Dawson continued performing the massage with the electrical device. Gate-wood admitted that she never used the word “stop” but that she did communicate that she was experiencing pain several times. Gatewood testified that she told Dawson, “I’ve never had a massage hurt like this,” to which Dawson merely replied, “Maybe you’ve never had a massage like this before.” Dawson testified that Gate-wood never expressed pain during the massage, nor told her to stop the massage.
¶ 11. The Board was faced with two conflicting accounts as to whether Gate-wood expressed that the massage was painful. The Board found that Gatewood’s testimony was credible, and this Court is prohibited from reweighing the facts of the case. Furthermore, Dawson has not rebutted the presumption in favor of the Board’s finding simply by denying Gate-wood’s allegations. This issue is without merit.
III. Whether the Board has authority to impose fines against Dawson.
¶ 12. Since this issue was not raised on appeal to the circuit court, Dawson is procedurally barred from raising it before this Court. Blackwell v. Miss. Bd. of Animal Health, 784 So.2d 996, 1002(¶ 14) (Miss.Ct.App.2001). However, we note that Mississippi Code Annotated Section 73-67-19 (Rev.2004) confers upon the Board power to impose civil penalties. This claim also fails.
¶ 13. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS *833 APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.