LAWSON, J.
 

 Patricia L. Pralle appeals from the denial of her motion to withdraw plea after sentencing. Finding that the trial court abused its discretion in denying the motion, we reverse and remand with directions that the motion to withdraw plea be granted.
 

 Pralle was charged with one count of grand theft for stealing a motor vehicle, another count of grand theft for stealing jewelry, and a count of petit theft for stealing less than $100 in cash. The victim in each count was Pralle’s paternal grandmother, who also served as Pralle’s legal guardian.
 
 [1]
 
 Pralle’s criminal punishment scoresheet reflects no prior criminal record, and Pralle did not face a mandatory term of incarceration.
 

 On February 22, 2010, Pralle entered a negotiated plea with an overall sentencing cap of seven years in state prison, with no reference to any probationary period that might extend the overall sentence beyond the seven-year cap. At sentencing, the defense requested that the court sentence Pralle to juvenile sanctions that would include psychological and drug treatment.
 
 [2]
 
 The State agreed that Pralle “need[ed] dual diagnosis help,” adding that: “I think that is what’s in every one of the reports. She needs long-term inpatient help.”
 
 [3]
 
 The State’s recommendation echoed comments from the victim that she only wanted Pralle to get the help that she needed and asked that Pralle be allowed to “come home.”
 

 The trial judge, however, announced that he had decided to structure “something different than the seven-year-capped sentenced that I had — that I had offered,” and instead imposed a sentence of five years in state prison to be followed by five years of probation. Pralle moved to with
 
 *558
 
 draw her plea when the overall sentence exceeded the cap promised to induce her plea, but the trial court denied the motion.
 

 On appeal, the State appears to concede error based upon
 
 Echeverria, v. State,
 
 949 So.2d 831 (Fla. 1st DCA 2007) (holding that a defendant must be permitted to withdraw his or her plea where the trial court accepts a plea and then imposes a sentence in excess of any negotiated sentence cap contained in the plea agreement). Acknowledging
 
 Echeverría
 
 as controlling, the State simply requests that we “rule as justice requires.”
 

 Accordingly, we reverse and remand with directions that Pralle be permitted to withdraw her plea.
 

 REVERSED and REMANDED WITH DIRECTIONS.
 

 TORPY and COHEN, JJ., concur.
 

 [1]
 

 .The record reflects that Pralle's mother abandoned her when Pralle was ''young,” and that Pralle was raised by her father, the victim’s son, until Pralle's father committed suicide approximately one year prior to the crimes at issue. Pralle either witnessed the suicide or "[came] in and [saw] her father having killed himself.” After the suicide, Pralle was entrusted solely into the care of her grandmother, the victim. Pralle was seventeen at the time she committed the offenses, and at the time of her plea. She had turned eighteen by the time of her sentencing. The State initially filed a delinquency petition against Pralle, but later transferred the case to adult court.
 

 [2]
 

 . The jail psychologist who had been treating Pralle as she awaited her plea and sentencing testified that Pralle suffered from post-traumatic stress disorder and "major depression,” for which she was receiving treatment in jail. The psychologist stated that Pralle had been responding positively to the treatment, and needed continued treatment.
 

 [3]
 

 . The State ultimately recommended imposition of a five-year prison sentence, to be suspended on condition that Pralle successfully complete a residential dual-diagnoses treatment program, followed by out-patient therapy-