IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARIO JEROME WILSON,

        Appellant,

 v.                                    Case No. 5D16-1760

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed August 4, 2017

3.850 Appeal from the Circuit
Court for Orange County,
Wayne C. Wooten, Judge.

Paula C. Coffman, Orlando, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Appellant challenges the order granting in part and denying in part his Florida Rule

of Criminal Procedure 3.850 motion based upon the allegation that his sentence did not

conform to the plea agreement. The trial court granted relief by amending the sentence

to conform to the plea agreement, but it denied Appellant's request to allow him to

withdraw his plea based on *Echeverria v. State*, 949 So. 2d 331 (Fla. 1st DCA 2007).

Citing *Pralle v. State*, 60 So. 3d 556 (Fla. 5th DCA 2011), Appellant contends that the trial

court was obligated to allow him to withdraw his plea. We disagree. *Pralle* neither approved nor disapproved the alternative remedy imposed here of amending the sentence to conform to the agreement. Consistent with *Echeverria*, we now conclude that the trial court was within its discretion to amend the sentence and was not obligated to permit Appellant to withdraw his plea.

However, based on the State's proper concession of error, we conclude that Appellant had the right to be present when the new sentence was imposed. Accordingly, we reverse in part the order under review and remand this cause with instructions that the court resentence Appellant while he is present.

AFFIRMED in part, REVERSED in part, and REMANDED.

ORFINGER, TORPY and EISNAUGLE, JJ., concur.